United States District Court
Southern District of Texas
FILED

MAY 0 6 2026

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

**ENTERED**
May 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| HECTOR MANUEL ARAGON-FLORES, a/k/a Joe Luna, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | ACTION NO. 7:26-CV-0148 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**

Plaintiff HECTOR MANUEL ARAGON-FLORES, appearing through the assistance of counsel, has filed this construed civil action for the return of property. (Dkt. Nos. 1, 2). At issue are 61 personal items seized from Plaintiff's residence in relation to a federal criminal investigation. Through a recent response, the Government indicated that it agreed to immediately return 31 items to Plaintiff at an agreeable time and place.[1] (Dkt. No. 4 at 1-2). Otherwise, the Government seeks to retain the remaining 30 items for a limited time to determine whether they are relevant to certain immigration proceedings pending against Plaintiff. (*Id.* at 2).

Now, Plaintiff has submitted a *Motion to Dismiss* (the "Motion") (Dkt. No. 6). Through the Motion, Plaintiff requests that this civil action be dismissed "considering the Government's partial return of the seized items and its representation that any remaining items will be addressed within a reasonable time frame." (*Id.* at 1). "In these circumstances," according to Plaintiff, "continued litigation . . . is unnecessary[,]" and "[d]ismissal will . . . permit the matter to proceed

---

[1] The return of these items would render moot Plaintiff's claim for their return. *See United States v. Lerma-Cruz*, 2016 WL 8721490, at *4 (S.D. Tex. Aug. 19, 2016) (citing *Adeleke v. United States*, 355 F.3d 144, 148 (2d Cir. 2004)), *report and recommendation adopted*, 2016 WL 8721491 (S.D. Tex. Oct. 24, 2016).

1 / 3

without further judicial involvement unless a genuine controversy later arises." (*Id.*).  Insofar as a controversy may yet arise, Plaintiff requests dismissal without prejudice. (*Id.* at 2).

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  Upon review of the record and the relevant law, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 6) be GRANTED and that this case be DISMISSED without prejudice.

## I. LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure concerns the voluntary dismissal of an action by court order.[2] *See* Fed. R. Civ. P. 41(a)(2).  Under Rule 41(a)(2), a district court has the discretion to grant a motion for dismissal "on terms that the court considers proper." *Id.* Dismissal under Rule 41(a)(2) is generally without prejudice unless otherwise indicated. *See id.* Rule 41(a)(2) motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  A non-moving party may be prejudiced for such purposes when, for example, the movant seeks dismissal either: (1) in the later stages of litigation after the non-movant has exerted significant time and effort; or (2) to avoid an imminent, adverse ruling. *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

## II. ANALYSIS

Here, the Motion should be granted and this action dismissed without prejudice as per the general rule.  Indeed, it seems that the parties have all but settled their dispute.  Furthermore, there

---

[2] Notably, although Rule 41(a)(1) provides that a civil action may be dismissed *without* a court order, this only applies where the plaintiff files either (i) a notice of dismissal before the opposing party responds or (ii) a stipulation of dismissal signed by all parties. *See* Fed. R. Civ. P. 41(a)(1)(A).  Rule 41(a)(1) does not apply because the Government has already responded and has not otherwise signed the Motion.

is no reason to believe that the Government will be prejudiced by dismissal at this relatively early stage of the proceedings.

## III. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 6) be GRANTED and that this case be DISMISSED without prejudice.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 6th day of May 2026.

J. SCOTT HACKER
United States Magistrate Judge

3 / 3